IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **NEHEMIAH JACKSON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Criminal Action No.** |
| | : | **5:09-CV-63(HL)** |
| **CONNER COLLINS, INC., GMH** | : | |
| **FORT STEWART, and GARRISON** | : | |
| **CONSTRUCTION,** | : | |
| | : | |
| Defendants. | | |

# ORDER

Plaintiff, Nehemiah Jackson, filed a pro se Complaint (Doc. 1) in this Court on February 12, 2009. Subsequently, he filed a Motion to Proceed In Forma Pauperis ("IFP") (Doc. 3). As set forth below, Plaintiff's Motion to Proceed IFP is granted; however, his Complaint is dismissed for failure to state a claim.

Pursuant to 28 U.S.C.A. § 1915(a), a district court must determine whether the statements contained in an IFP affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). According to the court in Martinez, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." Id. at 1307. After reviewing Plaintiff's Motion and Affidavit, this Court finds that Plaintiff is unable to

1

pay the costs of commencing this action, and therefore, his Motion to Proceed IFP is granted.

Because Plaintiff is proceeding IFP, this Court is required to dismiss this case if, among other things, it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Under Federal Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). The complaint must contain enough factual allegations to "raise a right to relief above the speculative level." Id. at 1965.

In this case, this Court is unable to determine the precise nature of Plaintiff's Complaint. As best the Court can determine, Plaintiff's allegations are that he was discriminated against during a bidding process for work contracts. The grounds on which Defendants allegedly discriminated against him are unclear, though it appears that Plaintiff alleges that he was discriminated on the basis of race. Plaintiff cites and quotes numerous cases, but he does not identify the specific cause of action on which his lawsuit is based. Nor does he allege who discriminated against him and when. In sum, the Complaint contains no factual matter about the events that give rise to this cause of action. His Complaint also makes several contradictory allegations. For example, he alleges that he was not awarded a contract, then he

alleges that he had a written contract that was terminated without any reason. He also alleges that he had an oral contract.

Based on the lack of factual detail and the confusing, contradictory nature of the allegations in his Complaint, the Court concludes Plaintiff's Complaint fails to give Defendants fair notice of Plaintiff's claims and the grounds on which they rest. The Complaint also lacks enough factual detail to raise a right to relief above the speculative level. Accordingly, Plaintiff's Complaint is dismissed for failure to state a claim. Plaintiff's Motion to Appoint Counsel (Doc. 2) is denied as moot.

**SO ORDERED**, this the 27th day of February, 2009.

*s/   Hugh Lawson*
**HUGH LAWSON, Judge**

dhc